IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01898-MSK-MJW

GOLESH, INC., a Colorado corporation,
JOHN A. GOLESH,
SUSAN GOLESH,
RICHARD GOLESH, and
EILEEN GOLESH,

        Plaintiffs,

v.

IPA INVESTMENT AND ADVISORY SERVICES, LLC, an Illinois Limited Liability Company,
and
JAMES ROBERT NANCE,

        Defendants

_____

## OPINION AND ORDER GRANTING, IN PART, MOTIONS TO DISMISS
_____

**THIS MATTER** comes before the Court pursuant to Defendant IPA Investment and

Advisory Services, LLC ("IPA")'s Motion to Dismiss[1] (**# 11, 36**), the Plaintiffs' response (**# 17,**

**43**), and IPA's reply (**# 19, 45**); and the Plaintiffs' Motion to Dismiss the Counterclaims and

Cross-Claims of Defendant Nance (**# 18**), to which no responsive papers were filed.

_____

[1]IPA subsequently withdrew (**# 16**) that portion of its Motion to Dismiss that sought
dismissal of the claims by the individual Plaintiffs. (The withdrawal was incorrectly docketed by
IPA as a motion to amend the motion to dismiss, requiring an order to terminate it on the Court's
docket.) Later, IPA filed a Motion for Leave to Rescind (**# 36**) that withdrawal, arguing that a
recent decision by Judge Babcock authorized asserting the Motion to Dismiss against the
individual Plaintiffs. The Plaintiffs responded (**# 39**) to the Motion for Leave to Rescind,
addressing the merits of IPA's arguments in the Motion to Dismiss, and thus, the Court will grant
the Motion for Leave to Rescind and consider the Motion to Dismiss as originally filed, as
supplemented by the briefing on the Motion to Rescind.

1

## FACTS

According to the Amended Complaint (# 2), in April 2004, Plaintiff Golesh, Inc. ("Golesh") entered into a contract with IPA for IPA to conduct a business valuation of Golesh. In July 2004, the two corporations entered into a second contract, in which IPA agreed to help Golesh seek out additional corporate financing.  When efforts to obtain financing were unsuccessful, IPA proposed to assist with locating a buyer for Golesh and arranging the sale of the company.  The Amended Complaint alleges that IPA tendered a written "Authorization to Represent Golesh," that Golesh signed, but IPA refused to execute it.

In March 2005, IPA announced that it had located a qualified potential buyer for the corporation, namely, Defendant Nance.  IPA negotiated the sale on behalf of Golesh with Nance, despite IPA neither being licensed to sell securities, nor being a licensed real estate broker.  In late March 2005, IPA presented the individual Plaintiffs – the owners of Golesh – with a Purchase Agreement, and the individual Plaintiffs agreed to sell their stock in Golesh to Defendant Nance. The Plaintiffs contend that, in order to induce them to enter into the Purchase Agreement, IPA and Nance made numerous misrepresentations as to Nance's financial position and his ability to make good on promises in the Purchase Agreement.  Once the sale closed, Defendant Nance looted the corporation, diverting corporate resources to his personal bank accounts overseas.  As a result, Golesh was forced to declare bankruptcy.

The Amended Complaint alleges five causes of action: (i) a claim, apparently asserted against both Defendants, of securities fraud under C.R.S. § 11-51-501 and § 11-51-604; (ii) a

common-law[2] claim of fraudulent misrepresentation, apparently against both Defendants; (iii) a common-law claim of negligent misrepresentation, apparently against both Defendants; (iv) a common-law claim against Defendant IPA for breach of fiduciary duty; and (v) a claim against IPA of securities fraud in violation of 15 U.S.C. § 78j(b).

IPA filed the instant Motion to Dismiss (**# 11**), alleging that both the July 2004 written agreement and the March 2005 Authorization to Represent contain forum selection clauses vesting exclusive jurisdiction and venue over disputes arising under the agreement in a state court in Illinois.  IPA further explained that it is currently engaged in litigation against Golesh (but not the individual Plaintiffs) in Illinois state court, and has obtained a ruling that the forum selection clause binds Golesh, thereby collaterally estopping Golesh from proceeding in this Court. Although the motion does not contend that the individual Plaintiffs were signatories to the agreement, in subsequent briefing, IPA argues that the individual Plaintiffs are bound by the forum selection clause as third-party beneficiaries of the agreement between Golesh and IPA.  In response (**# 17**), Golesh contends that the Illinois ruling does not operate as collateral estoppel because it did not have the opportunity to participate in the Illinois case, that the claims in this action do not fall within the scope of the forum selection clause, and that enforcement of the clause would be inequitable, requiring Golesh to litigate its claims against IPA in Illinois and its claims against Defendant Nance here.  The individual Plaintiffs respond (**# 43**) that the court in Illinois has already determined that it lacks jurisdiction over them under the forum selection

_____

[2]The Amended Complaint does not identify which state's law governs the common-law claims.

clause, and that reconsideration of that issue by this Court would violate the *Rooker-Feldman* doctrine.

Separately, Defendant Nance filed an Answer and Counterclaim and Third-Party Complaint against the individual Plaintiffs and two other non-party shareholders of Golesh, alleging claims of fraudulent misrepresentation as to various liens and encumbrances on Golesh's property, negligent misrepresentation based on the same facts, breach of contract in that the shareholders breached terms of the Purchase Agreement, and a claim for contractual indemnity for debts that he "is now liable to Plaintiff." The individual Plaintiffs / Counter-Defendants move to dismiss Defendant Nance's counterclaims on the grounds that Defendant Nance had previously asserted the same claims against them in Colorado District Court for the County of Denver, and that such claims were dismissed with prejudice. Defendant Nance did not respond to this motion.

## ANALYSIS

### A. Forum selection clause as to Golesh

Golesh raises two primary arguments in response to IPA's Motion to Dismiss: (i) that the Illinois ruling upholding the forum selection clause does not operate as collateral estoppel; (ii) that the claims asserted by Golesh do not fall within the terms of the clause; and (iii) that enforcement of the forum selection clause would be inequitable.

Turning first to the question of whether the Illinois court's ruling constitutes collateral estoppel, the doctrine of collateral estoppel exists to bar a party from relitigating an issue once it has suffered an adverse determination, even if the issue arises in a different claim or case. *Burrell v. Armijo*, 456 F.3d 1159, 1172 (10th Cir. 2006). For the doctrine to apply, four elements must exist: (i) the issue previously decided is identical to the issue that is presently before the court; (ii)

4

the prior action has been finally adjudicated on the merits; (iii) the party against whom the doctrine is invoked was a party or was in privity with a party in the prior action; and (iv) that the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Id.*, *citing Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000).   The burden of establishing the elements of the doctrine is on the party asserting it – here, IPA.  *See e.g. Salguero v. City of Clovis*, 366 F.3d 1168, 1173 (10th Cir. 2004).

Here, Golesh contends that the doctrine does not apply because IPA cannot prove the fourth element – that Golesh had a full and fair opportunity to litigate the operation of the forum selection clause in Illinois.  Specifically, Golesh contends that, at the time of the Illinois case, it was operating under the automatic stay occasioned by its bankruptcy filing, and thus, it did not enter an appearance in the Illinois action.  IPA's briefing does not reply to this contention, and thus, the Court finds that IPA has failed to carry its burden of establishing that the fourth element is satisfied.  Accordingly, the Court declines to give the Illinois ruling against Golesh collateral estoppel effect.  Thus, the Court must address the forum selection clause on its merits.

Golesh does not contend that the forum selection clause is invalid, or that it would not operate to confer mandatory jurisdiction and venue of an action within its terms on the courts of Illinois.  Rather, it contends that the clause does not apply here because the claims Golesh asserts in this action fall outside the scope of that clause.  IPA contends that the clause appears in two separate documents: the July 2004 agreement regarding the search for financing and the March 2005 authorization for IPA to negotiate a sale.  The relevant portion of the July 2004 document states:

5

> [Golesh] hereby grants to [IPA] the sole and exclusive right to indemnify and negotiate debt and/or equity financing for [Golesh], in whatever form, and to act on [Golesh's] behalf during the negotation of the terms and conditions of potential financing. . .
>
> It is agreement that the exclusive jurisdiction for this agreement as far as any disputes concerning fees or [IPA's] performance will vest in the Nineteenth Judicial District of Lake County, Illinois, USA, Illinois law applying.

*Docket* # 2, Ex. 2 at 1, 3.  However, it is clear from the Amended Complaint that IPA's efforts to secure financing under this agreement were unsuccessful.  *Docket* # 2 at ¶ 12 ("IPA was unable to locate any source of financing, debt, or equity").  The claims by Golesh in this case do not allege any misconduct by IPA in attempting and failing to find financing under this agreement, and thus, the forum selection clause in the July 2004 does not apply to those claims.

IPA also points to a March 2005 agreement governing the sale of Golesh.  The pertinent part of that agreement reads:

> [Golesh] hereby retains [IPA] as its (in?)exclusive financial advisor to provide financial advisory and intermediary services in connection with the  . . . sale of assets or equity interests . . .
>
>  [IPA]'s services will include, if appropriate or if requested by [Golesh], . . . (b) identifying potential buyers, soliciting, coordinating and evaluating indications of interest and proposals regarding a Transaction, . . .[and] (d) negotiating the financial aspects, and facilitating the consummation, of any Transaction. . .
>
> Exclusive jurisdiction for this Agreement regarding disputes concerning fees or [IPA]'s performance will vest in the Nineteenth Judicial District of Lake County, Illinois.

*Docket* # 2, Ex. A at 1, 3.  It is clear to the Court that the claims raised by Golesh here are claims directed at the quality of IPA's performance in carrying out its duty to identify a qualified buyer and negotiating the sale.  For example, Golesh contends that "IPA acted both as Plaintiffs' advisor

to, *inter alia*, insure that only qualified potential buyers were presented to Plaintiffs and to negotiate the financial aspects of the transaction in Plaintiffs' best interest." *Docket # 2 at ¶ 18.* The Plaintiffs contend that IPA concealed information that Defendant Nance was not actually a financially qualified buyer, and misrepresented Nance's intention to comply with the terms of the agreement IPA negotiated. Whether these claims are couched as securities violations, common-law misrepresentation, or breach of fiduciary duty, at bottom, they all address the sufficiency of IPA's performance under the terms of the March 2005 agreement. Thus, the claims fall within the scope of the forum selection clause.

Golesh argues that the March 2005 agreement is not binding because it was never executed by IPA. This argument is unavailing. It is undisputed that Golesh manifested its assent to the March 2005 agreement by signing the agreement, and that it knowingly allowed IPA to perform the services contemplated by the agreement. The Amended Complaint admits that the Plaintiffs received the fruits of IPA's performance – defective as it allegedly was – in the form of the Purchase Agreement negotiated by IPA. *Docket # 2 at ¶ 19.* Having agreed to the terms of the contract and accepted the benefits of its performance by IPA, Golesh cannot now claim invalidity of the contract based on IPA's failure to execute the written agreement. *Compare Alfred Brown Co. v. Johnson-Gibbons & Reed Western Paving-Kemper*, 695 P.2d 746, 749 (Colo. App. 1984) ("If a party, having the right to rescind a contract, does any act which amounts to an admission of the existence of the contract, he cannot afterwards elect to treat it as void").

Finally, Golesh argues that enforcing the forum selection clause would be inequitable, as it would require Golesh to litigate its claims against IPA in one venue and against Nance in another, and would deprive it of a substantive remedy for its federal securities fraud claims. Turning to the

first argument, it is undisputed that Golesh is already being forced to litigate on two fronts, as it is

a party to a suit by IPA in the Illinois courts.  If anything, combining all of the disputes between

Golesh and IPA in one jurisdiction makes it <u>easier</u> for Golesh to litigate.  As for Golesh's

argument that the forum selection clause, requiring the application of Illinois law, deprives it of a

federal securities fraud remedy, this Court declines to opine as to whether the clause actually has

the effect of anticipatorily waiving all federal claims Golesh might become entitled to assert.  It is

entirely possible that the Illinois courts might deem the choice of law provision to apply only to

common-law claims, or only to those claims that invoke state law.  In any event, it is sufficient to

observe that Golesh agreed to the terms of the forum selection clause, and should not now be

heard to complain that its terms are unacceptable.

Accordingly, treating IPA's motion as one to dismiss for improper venue under Fed. R.

Civ. P. 12(b)(3), *K&V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d

494, 497 (10th Cir. 2002), the motion is granted as to Golesh.  The claims by Golesh are dismissed

without prejudice, and may be refiled in Illinois pursuant to the forum selection clause.

**B.  Forum selection clause as to the individual Plaintiffs**

It is undisputed that the agreements containing the forum selection clauses were between

IPA and Golesh, and that none of the individual Plaintiffs ever signed such agreements.  IPA

argues, however, that the individual Plaintiffs should be deemed third-party beneficiaries of the

agreement between it and Golesh, such that they too should be bound by the forum selection

clause.

IPA's argument turns entirely on the strength of the decision by Judge Babcock in *ADT*

*Security Services, Inc. v. Apex Alarm, LLC*, 2006 WL 650166 (D. Colo. March 13, 2006).  In

that case, ADT sought to enforce the terms of a subcontract between its contractor RSI and

Apex, to prevent Apex from disseminating ADT's trade secrets.  Apex, in turn, argued that ADT

would be subject to the forum selection clause in the RSI-Apex agreement that ADT sought to

enforce.  Judge Babcock found that "a forum selection clause restricts a third-party beneficiary to

the designated forum when the beneficiary could reasonably have foreseen its designation as the

beneficiary of the contract."

The individual Plaintiffs do not address IPA's argument based on *ADT*, nor do they

dispute IPA's assertion that they are third-party beneficiaries to the May 2005 agreement.  Rather,

they contend that the Illinois court has already ruled that its lacks personal jurisdiction over them

under the forum selection clause.  In support of this contention, the individual Plaintiffs submit the

September 1, 2005 order of the judge in Illinois which reads, in pertinent part, "[IPA's] First

Amended Complaint is dismissed, based on lack of jurisdiction, with prejudice, as it pertains to

[the individual Plaintiffs] . . . as the forum selection clause contained within the agreement does

not bind the individuals."

As discussed previously, the party asserting collateral estoppel bears the burden of

establishing the required elements.  In this case, it is the individual Plaintiffs who invoke collateral

estoppel effect from the Illinois ruling, and thus, they bear the burden of establishing that the

issues and parties in both actions are identical, that there was a final ruling, and that IPA had a full

and fair opportunity to litigate the issue.  The individual Plaintiffs have established that IPA was a

party to the Illinois litigation, and that one of the issues presented to the court there was whether

the forum selection clause in the agreement[3] bound the individual Plaintiffs.  It is clear that the

Illinois court finally adjudicated the issue, as it dismissed IPA's claims against them with

prejudice.[4]  Finally, the Illinois court's order indicates that "due notice having been given,"

suggesting that IPA was advised of the individual Plaintiffs' motion to dismiss and given an

opportunity to respond.

Thus, the Court finds that the individual Plaintiffs have carried their burden of establishing

that collateral estoppel effect should be given to the Illinois court's ruling.  Notably, IPA's reply

brief **(# 45)** does not address the individual Plaintiffs' collateral estoppel argument whatsoever.

IPA's reply brief **(# 45)**, filed on May 20, 2006, is the exact same reply brief that IPA filed **(# 19)**

in support of its original Motion to Dismiss on February 7, 2006, including the same signature

page and date.  Needless to say, this brief does not address any of the arguments raised by the

individual Plaintiffs in their May 2006 response to IPA's motion.  However, attached to IPA's

brief  is an affidavit of Ronald L. Bell asserting various facts regarding the Illinois lawsuit, but

neither the affidavit nor the facts it asserts are discussed in the brief itself.  The Court is not

inclined to independently search through exhibits submitted by the parties to locate evidence in

support of arguments that are not asserted in the briefs themselves.  *See Adler v. Wal-Mart*

---

[3]The Plaintiffs have not provided sufficient information to establish which agreement's forum selection clause was at issue in the Illinois litigation, but the forum selection clauses in the various agreements are identical in their terms.

[4]Although the Illinois court phrased its reasoning as being one of "lack of . . . in personam jurisdiction,"which is not the particular legal issue presented here,  it is indisputable that it also specifically found that "the forum selection clause . . . does not bind the individuals."  This latter finding is precisely the issue presented here.

*Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) (courts should be "wary of becoming advocates who comb the record of previously available evidence and make a party's case for it").

At any rate, even if the Court were to consider the Bell affidavit despite the absence of argument about its relevance, the Court would find it insufficient for several reasons. First, the affidavit asserts facts that are patently inconsistent with the Illinois court's order, namely, that "the Illinois Court granted the [individual Plaintiffs'] motion without affording IPA an opportunity to file a written response." However, the Illinois order finds that "due notice" was given to IPA, and IPA does not assert that it appealed the order or sought reconsideration on the ground that the order was entered without IPA having had an opportunity to be heard. Second, the Bell affidavit contends that "IPA did not have the opportunity to raise [the third-party beneficiary argument]" before the Illinois court. However, IPA does not explain why it was somehow prevented from raising this argument earlier. Judge Babcock's decision cites caselaw dating back to 1983 for the proposition that third-party beneficiaries can be subject to a contract's forum selection clause. Clearly, the arguments IPA urges now were available to it at the time the motion was pending before the Illinois court. Third, the affidavit is insufficient to demonstrate that the issue considered by the Illinois court – whether the clause applied to the individual Plaintiffs being sued by IPA – is somehow different simply because the individual Plaintiffs are on the offensive in this case. On this point, Bell's affidavit offers only hearsay and speculation.

Fourth, and perhaps most telling, if the Court were to independently explore the factual record to discern arguments IPA could assert, fairness requires that the Court do the same for the individual Plaintiffs. Were it to do so, the Court would be particularly interested in the first sentence of Article 7 of the March 2005 agreement. That clause reads "This Agreement shall be

11

binding upon the parties hereto [*i.e.* Golesh and IPA] and their respective successors and permitted assigns.  Nothing in this Agreement, express or implied, however, is intended to confer on (sic) any person or entity, other than parties hereto and their respective successors and permitted assigns." *Docket* # 2, Ex. A at 3.  Leaving aside the apparent typographic omission somewhere within the sentence, it is clear that the intention of this clause is to disclaim the effect of the contract on anyone other than Golesh, IPA, and their respective successors and assigns.  In other words, the contract provision would appear to refute any argument by IPA that the individual Plaintiffs should be deemed to be third-party beneficiaries.

Accordingly, the Court finds that the individual Plaintiffs have carried their burden of establishing that collateral estoppel effect should be given to the order of the Illinois court finding that they are not bound by the forum selection clause.  Because IPA's argument for dismissal of the individual Plaintiffs' claims turns solely on the forum selection clause, this portion of the motion is denied.

### C.  Defendant Nance's counterclaims

The Plaintiffs / Counter- and Cross-Claim Defendants move to dismiss Defendant Nance's counter- and cross-claims against them, once again on collateral estoppel grounds, this time based on a dismissal of similar claims brought by Defendant Nance in Colorado District Court.  The Plaintiffs have established that Defendant Nance asserted exactly the same claims in that action as are presented here, that Defendant Nance was a party to that case as well, and that  the Colorado District Court entered a final order dismissing the claims.  Although the Plaintiffs do not explicitly allege that Defendant Nance had a full and fair opportunity to litigate those claims, the Colorado District Court's order implies that he did.  Specifically, the order states that "Defendant Nance has

failed or refused to file any response to said Motion."  Accordingly, the Court finds that the

Plaintiffs have carried their burden of establishing that the Colorado District Court order should

be given collateral estoppel effect.  Defendant Nance has not responded to the Plaintiffs' motion

nor otherwise defended his counter- and cross-claims, and accordingly, the Plaintiffs' Motion to

Dismiss those claims is granted.

<u>CONCLUSION</u>

For the foregoing reasons, IPA's Motion to Dismiss **(# 11)** is **GRANTED IN PART**,

insofar as the claims by Defendant Golesh, Inc. are **DISMISSED** without prejudice for improper

venue under Fed. R. Civ. P. 12(b)(3), and **DENIED IN PART**, insofar as the claims by the

remaining individual Defendants are not governed by the forum selection clause and are properly

venued here.  IPA's Motion to Amend its Motion to Dismiss **(# 17)**, which is actually a partial

withdrawal of that motion, is **DENIED AS MOOT**.  The Plaintiffs' Motion to Dismiss Defendant

Nance's Counterclaims and Cross-Claims **(# 18)** is **GRANTED**, and those Counterclaims and

Cross-Claims are **DISMISSED** in their entirety.  IPA's Motion to Rescind **(#36)** is **GRANTED**,

insofar as the Court has deemed the substantive briefing on that motion to supplement IPA's prior

Motion to Dismiss.

Dated this 6th day of September, 2006

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

13